IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| STATES RESOURCES CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 13-5011-CV-SW-ODS |
| HOWSMON DISTRIBUTING COMPANY, JOE HOWSMON, JOHN T. HOWSMON, and LEE ANNE HOWSMON, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter has been referred to the undersigned United States Magistrate Judge for post-judgment debtor matters, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri. As set forth below, it is **RECOMMENDED** that the Motion to Compel Answers to Interrogatories (Doc. 29) be **DENIED without prejudice**, and that the Motion for Sanctions for Failure to Attend Depositions (Doc. 30) and Application for Charging Order (Doc. 37) be **GRANTED**.

### BACKGROUND

After the Defendants failed to answer the complaint, United States District Judge Smith granted the Plaintiff's Motion for Default Judgment and entered judgment against each Defendant, closing the case, on June 17, 2013 (Doc. 15). Plaintiff has since attempted to collect on the judgment, without success, through charging order against the interest of Red Door Properties, LLC, in which Defendant John Howsmon holds a membership interest, (Doc. 20) and application for writ of execution to garnish (Doc. 22). On December 6, 2013, Plaintiff filed a Motion to Compel Answers to Interrogatories Directed to Garnishee Scott Rice Office Works

(Doc. 29) and Motion for Sanctions for Failure to Attend Depositions (Doc. 30) against Defendants Joe Howsmon and Lee Anne Howsmon, who failed to appear, despite notice, on December 10, 2013. In the motion for sanctions, Plaintiff asks the Court to order the Defendants to 1) produce requested documents on a date certain, 2) appear for deposition at the office of Plaintiff's counsel in Kansas City, and 3) pay attorneys' fees in the amount of $1,890.78, which includes time spent in travel and costs associated with the December 10, 2013, depositions for which Defendants did not appear. Also pending is the Plaintiff's Application for Charging Order against the interest of Spec Holdings, LLC, in which Defendant John Howsmon holds a membership interest (Doc. 39).

The undersigned held a hearing on the pending motions on March 4, 2014. Plaintiff appeared represented by counsel, William Meyer. No Defendant, nor counsel for any Defendant, appeared despite the Court's notice of the hearing by certified mail.[1] At the hearing, Plaintiff's counsel represented that Plaintiff did not wish to pursue its requests regarding the interrogatories propounded in relation to the writ of garnishment directed to Scott Rice Office Works and sought no relief regarding Scott Rice Office Works at this time.

## DISCUSSION

*Motion to Compel Answers to Interrogatories*

Federal Rule of Civil Procedure 69(a) authorizes the Court to follow state procedural rules in proceeding on a writ of execution of a judgment. Missouri Rule of Civil Procedure 90.07 governs interrogatories to a garnishee, and Mo. R. Civ. P. 90.08 grants the court authority to compel a garnishee to answer interrogatories or face default. Based upon the Plaintiff's

---

[1] Certified mail return cards, although not dated, indicate that Lee Anne Howsmon and Joe Howsmon received the correspondence from the Court. The letters sent to Howsman Distributing Company and John T. Howsmon were returned as undeliverable (Docs. 34, 35, 36, and 38).

representation at the hearing that it no longer sought relief regarding the writ of garnishment directed to Scott Rice Office Works, however, the undersigned **RECOMMENDS** that the motion be denied without prejudice.

*Motion for Sanctions for Failure to Attend Deposition*

Federal Rule 69(a)(2) also authorizes discovery "[i]n aid of judgment or execution" and "as provided in these rules or by the procedure of the state where the court is located." *See also Credit Lyonnais, S.A. v. SGC International, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). Fed. R. Civ. P. 37(d) grants a court authority to impose sanctions for a party's failure to attend a deposition. The rule specifies that the Court must require the non-compliant party to pay the expenses and fees caused by the failure to appear, and may impose sanctions as listed in Rule 37(b)(2)(A). Plaintiff suggests that in addition to the authorized fees and costs they incurred based on the Defendants' failure to appear, the Court should require the Defendants to provide the documents requested on a date certain and require that they appear at the offices of Plaintiff's counsel in Kansas City. Although neither of these suggested sanctions are listed in Rule 37(b)(2)(A), a court "may exercise its discretion to choose the most appropriate sanction under the circumstances." *Keefer v. Provident Life and Accident Insurance Co.*, 238 F.3d 937 (8th Cir. 2000). In light of the Defendants' repeated failure to cooperate with the Plaintiff in attempting to execute, or even recognize, the court's judgment against them in this matter, requiring the Defendants to produce documents on a date certain in Kansas City, in addition to paying the fees and costs associated with the depositions they failed to attend, is entirely reasonable. The undersigned therefore **RECOMMENDS** that the Court impose sanctions as suggested by Plaintiff in its motion: require the Defendants to produce documents on a date certain, appear for

deposition in Kansas City at the offices of Plaintiff's counsel, and pay costs and fees in the amount of $1,890.78.

*Application for Charging Order*

Plaintiff represents that upon information and belief, Defendant John Howsmon has a membership interest in Spec Holdings, LLC (Doc. 37). Under Missouri law, upon application by a creditor, a court "may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment with interest." Mo. Rev. Stat. § 347.119. The undersigned **RECOMMENDS** that the Plaintiff's application is proper, and the Court should issue the requested charging order.

## CONCLUSION

Therefore, based on all the foregoing, **IT IS RECOMMENDED** that the Plaintiff's Motion to Compel Answers to Interrogatories (Doc. 29) be **DENIED without prejudice**, and the Motion for Sanctions for Failure to Attend Depositions (Doc. 30), and Application for Charging Order (Doc. 37) be **GRANTED**.

**DATED:  March 5, 2014**

       /s/ *David P. Rush*
       **DAVID P. RUSH**
       **United States Magistrate Judge**